**UNITED STATES COURT OF APPEALS**
**SECOND CIRCUIT**

------------------------------------------------------------------X
GERALD ROBERTS, STEPHEN JOHNSON, CHRISTOPHER
MCLEOD, DAVID SHAW *on behalf of themselves and all*     **Docket No.: 21-833**
*others similarly situated*,

                      Plaintiff-Appellants,

      - against -                              **DECLARATION**

GENTING NEW YORK LLC, d/b/a RESORTS
WORLD CASINO NEW YORK CITY,

                      Defendant-Appellee.
------------------------------------------------------------------X

    **Jesse C. Rose,** an attorney admitted to practice in the Courts of the State of New York and this Court, hereby affirms under the penalty of perjury that the following statements are true:

1. Defendant-Appellee has requested leave to file an additional brief in opposition to Plaintiff-Appellants' appeal on the grounds that they believe they are entitled to reply to the United States Department of Labors' amicus brief. That request should be denied.

2. There is no rule which would permit a second brief to be filed by the Defendant-Appellee and the request seems to be relying on a feigned outrage that the amicus brief disagreed with the District Court's decision. Without a procedural basis for their request, it should be denied.

3. Further, there is no need to file another brief. The Defendant-Appellee has filed exhaustive papers which addressed all arguments at length in the amicus brief. To permit them to rehash these arguments in yet another brief only serves to delay the adjudication of the matter and create more paperwork.

4. Defendant-Appellee is incorrect in concluding that the Court violated their own rules when permitting the amicus brief to be filed, as the rule cited expressly states that it applies only to

"amicus filings during a court's initial consideration of a case on the merits" and not a post-oral argument amicus brief solicited by the Court itself. FRAP § 29(a)(1).

5. Finally, to say that the United States Department of Labor exceeded the request is simply untrue. Instead, the amicus brief does precisely what was requested and provides the agency's opinion of the question at issue in this case: the interpretation of the phrase "operating unit."

6. The Court should deny this request for yet another filing.

7. To the extent that the Court permits Defendant-Appellee to file another brief, it should be significantly limited with a very short time frame and Plaintiffs-Appellants should have the right to reply within a similarly short period afterwards.

Dated: Astoria, New York
August 8, 2022

By:   /s/Jesse C. Rose
Jesse C. Rose
Of Counsel
Phillips & Associates PLLC
45 Broadway; Ste 430
New York, New York 10006
718-989-1864